UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVARIS DAVIS,<br><br>   Plaintiff,<br><br>  v.<br><br>J. DOERER, et al.,<br><br>   Defendants. | Case No.: 1:24-cv-01498-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**14-DAY DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Javaris Davis is a federal prisoner proceeding pro se in this civil rights action.

**I. INTRODUCTION**

Plaintiff initiated this action by filing his complaint on December 9, 2024. (Doc. 1.) That same date, Plaintiff filed an Application to Proceed In Forma Pauperis by a Prisoner. (Doc. 2.)

On December 11, 2024, this Court issued its Order Directing Plaintiff to Provide a Complete Answer in his Application to Proceed In Forma Pauperis By a Prisoner. (Doc. 4.) Plaintiff was "directed to provide a complete answer to Question 3(f)" concerning the receipt of money from other sources. (*Id*. at 1-2.) Plaintiff was to respond within 14 days of the date of the order. (*Id*. at 2.)

On January 3, 2025, when more than 14 days passed without a response from Plaintiff, the Court issued its Order to Show Cause (OSC) Regarding Failure to Provide a Completed

1  Application to Proceed In Forma Pauperis. (Doc. 5.) Plaintiff was directed to show cause in
2  writing, within 14 days, why sanctions should not be imposed for his failure to comply with the
3  Court's December 11, 2024, order. (*Id*. at 2.) Alternatively, within that same time, Plaintiff could
4  comply with the December 11, 2024, as previously directed. (*Id*.)
5      Although more than 14 days (plus time for mailing) have passed, Plaintiff has not
6  responded to the OSC.
7      **II.**    **DISCUSSION**
8      The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,
9  "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may
10 be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule
11 or within the inherent power of the Court." Local Rule 110. "District courts have inherent power
12 to control their dockets" and, in exercising that power, may impose sanctions, including dismissal
13 of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).
14 A court may dismiss an action based on a party's failure to prosecute an action, obey a court
15 order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.
16 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S.*
17 *Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court
18 order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to
19 prosecute and to comply with local rules).
20     In determining whether to dismiss an action, the Court must consider several factors:
21 (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
22 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
23 cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at
24 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).
25     Here, Plaintiff has failed to comply with the Court's December 11, 2024, order and its
26 OSC issued January 3, 2025. First, Plaintiff was ordered to clarify his response to Question 3(f)
27 on his application to proceed in forma pauperis (IFP). (Doc. 4.) Second, the OSC directed
28 Plaintiff to respond in writing, or alternatively, to comply with the December order. (Doc. 5.)

Plaintiff failed to respond to either order. The Court cannot effectively manage its docket if Plaintiff ignores the Court's orders. Without the ability to determinate whether Plaintiff should be permitted to proceed IFP in this action, the case can proceed no further. Thus, the Court finds that both the first and second factors—the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket— weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

Next, while the risk of prejudice to defendants is a lesser factor here because the named defendants have not appeared in the action, a presumption of harm or injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's failure to respond to the Court's December 2024 order seeking a complete response to Question 3(f) on the IFP application and failure to respond to the subsequent OSC amount to an unreasonable delay in prosecuting this action. Therefore, the Court finds the third factor—a risk of prejudice to defendants—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Here, Plaintiff is failing to move this case forward by not complying with the Court's December 11, 2024, order to provide the information necessary to determine whether he is entitled to proceed IFP, and by not complying with the related OSC. Thus, the Court finds the fourth factor—the public policy favoring disposition on the merits—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Here, the Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case advised, in relevant part: "the parties must

comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case." (Doc. 3 at 1.)  Plaintiff was also advised that "all Court deadlines are strictly enforced." (*Id*. at 5.)

When the Court directed Plaintiff to clarify and complete his response to Question 3(f) on his IFP application, Plaintiff was advised: "**WARNING: A failure to comply with this Order may result in a recommendation that this action be dismissed, without prejudice, for a failure to obey court orders.**" (Doc. 4 at 3, emphasis in original.) Lastly, in the OSC, Plaintiff was advised: "**WARNING: A failure to comply with this order may result in a recommendation that this action be dismissed, without prejudice, for Plaintiff's failure to comply with Court orders and this Court's Local Rules and failure to prosecute**." (Doc. 5 at 2, emphasis in original.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with court orders. Moreover, at this stage of the proceedings, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Therefore, the fifth factor— the availability of less drastic sanctions—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

### III.    ORDER AND RECOMMENDATIONS

Based on the foregoing, the Court **DIRECTS** the Clerk of the Court to randomly assign a district judge to this action. The Court also **RECOMMENDS** that this action be dismissed, without prejudice, for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference

the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **January 29, 2025**                   /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE