UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVARIS DAVIS,<br><br>            Plaintiff,<br><br>      v.<br><br>J. DOERER, et al.,<br><br>            Defendants. | Case No.: 1:24-cv-01498-JLT-SKO (PC)<br><br>**ORDER STRIKING DOCKET ENTRY NUMBERS 9, 11 AND 12**<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**<br><br>(Doc. 7) |

Plaintiff Javaris Davis is a federal prisoner proceeding pro se in this civil rights action.

**I.     RELEVANT BACKGROUND**

On December 9, 2024, Plaintiff filed an Application to Proceed by In Forma Pauperis by a Prisoner. (Doc. 2.)

On December 11, 2024, the Court issued its Order Directing Plaintiff to Provide a Complete Answer in his Application to Proceed In Forma Pauperis (IFP) by a Prisoner. (Doc. 4.) Plaintiff was directed to "complete his response to Question 3(f) by describing each source of money, stating the amount(s) received, and indicating whether he expects to continue receiving those funds" within 14 days. (*Id*. at 2.)

When no response was received, on January 3, 2025, the Court issued its Order to Show Cause (OSC) Regarding Failure to Provide a Completed Application to Proceed In Forma

1  Pauperis. (Doc. 5.) Plaintiff was directed to show cause in writing why sanctions should not be
2  imposed for his failure to comply with the Court's December 11, 2024, order, or, in alternatively,
3  to respond to that order. (*Id*. at 2.) Plaintiff failed to respond to the OSC.
4      On February 12, 2025, the Court issued Findings and Recommendations to Dismiss
5  Action Without Prejudice for Plaintiff's Failure to Obey Court Order and Failure to Prosecute.
6  (Doc. 7.) Plaintiff was directed to file any objections within 14 days. (*Id*. at 4-5.)  On that same
7  day, Plaintiff filed the following five documents in this action:

    1. "Response to the Order to Show Cause Regarding Failure to Provide a Completed Application to Proceed Informa Pauperis," bearing case number "1:24-cv-01498 (SKO)" (*see* Doc. 8).

    2. "Request for Extension of Time and Standing Order for the Same," bearing case number "1:24-cv-01498 SKO" and "originating case 1:24-cv-01186" (*see* Doc. 9).

    3. "Motion to Reconsider" bearing case number "1:24-cv-01498 CDB" (*see* Doc. 10).

    4. "Filed in Advance Motion to Show Cause Concerning Failure to Exhaust Administrative Remedies," bearing case number "1:24-cv-01498 CDB" and "originating case 1:24-cv-01186 CDB" and noting "Sep 9, 2024" (*see* Doc. 11).

    5. "Motion to Create a Class Action Under FRCP Rule 23," bearing case number "1:24-cv-01498 CDB" (*see* Doc. 12).

22  For the reasons discussed below, docket entry numbers 9, 11 and 12 will be stricken.
23  Further, the Findings and Recommendations issued January 30, 2025, will be vacated.
24      **II.    PLAINTIFF'S FEBRUARY 12, 2025, SUBMISSIONS**
25      This Court's Local Rule 133(g) provides, in relevant part, that "the file number of the
26  action, followed by the initials of the Judge and Magistrate Judge to whom it is currently
27  assigned" shall appear on a filed document. Further, as set forth in this Court's First Informational
28  Order in Prisoner/Civil Detainee Civil Rights Case, issued December 10, 2024, "[t]he first page

2

of every document filed with the Court must contain … the case number assigned to the action followed by the initials of the District Court Judge and the Magistrate Judge to whom the case is assigned." (*See* Doc. 3 at 2, § II., F.) That section further states: "If a party has more than one case pending and wants to file the same document in more than one case, the party must provide a separate copy of the document, with the correct case number in the first page caption, for each case. Documents with more than one case number in the caption may be stricken/returned." (*Id*.)

<u>Docket Entry Numbers 9, 11 and 12</u>

Docket entry number 9 includes more than one case number in its caption: "1:24-cv-01498 SKO" and "1:24-cv-01186." Docket entry number 11 includes an incorrect case number: "1:24-cv-01498 CDB" *and* more than one case number in its caption: "1:24-cv-01186 CDB."[1] Docket entry number 12 has an incorrect case number: "1:24-cv-01498 CDB." Thus, these pleadings will be stricken. *See* Local Rule 133(g). (*See also* Doc. 3 at 2.)

This action's case number is **1:24-cv-01498-JLT-SKO**, and all filings in this action must include that case number.

### III.  THE FINDINGS AND RECOMMENDATIONS

As noted above, the Court issued Findings and Recommendations to dismiss this action on January 30, 2025. (Doc. 7.) Plaintiff's response to OSC, filed February 12, 2025, states Plaintiff "received both the Courts Dec 11, 24 and Jan 3, 25 orders on Jan 15, 2025" because the institution has significantly delayed delivery of Plaintiff's mail. (Doc. 8.) Plaintiff states mail is "delivered haphazardly and often between 30-60 days after it was sent." (*Id*.) He states that "circumstance is out of [his] control and will continue to delay" his responses.[2] (*Id.*)

Because Plaintiff did not receive the order directing him to provide a complete answer in his IFP application or the Court's OSC until after the applicable deadlines had expired, the

---

[1] The Court notes that case number 1:24-cv-01186-JLT-CDB, *White v. Doerer*, was filed by Kayce White. No filing in that action reflects Plaintiff Javaris Davis is a party to that action. As a result, the Court will not instruct the Clerk of the Court to file docket entry numbers 9, 11 or 12 in that action.

[2] Plaintiff also provides his response "to Question 3(f) as required" (Doc. 8), referring to the Court's December 11, 2024, order concerning his pending IFP application. The Court will issue a separate order or separate findings and recommendations addressing Plaintiff's response and the IFP application.

3

Findings and Recommendations issued January 30, 2025, will be vacated.

## IV.    DOCKET ENTRY NUMBER 10

As noted above, docket entry number 10 is titled "Motion to Reconsider," and was docketed by the Clerk of the Court as a "Motion for Reconsideration." Despite the foregoing, the motion will not be construed as a motion that seeks reconsideration of a prior order.

Plaintiff references the delays he is experiencing in receiving his mail and "requests that the Court reconsider any court orders or rulings in this case until it receives the Plaintiffs response. This request is not limited to but specifically includes the Plaintiffs response to the Courts inquiry into the failure to exhaust administrative remedies." (Doc. 10.)

As an initial matter, this Court has not issued an order addressing a failure to exhaust administrative remedies in this action. Second, the Court need not reconsider any previously issued order in this action—this order will vacate the Findings and Recommendations and provides that the Court will address Plaintiff's pending IFP application separately in light of his recent response. The Court has now received Plaintiff's responses to its previous orders and no further action is needed by Plaintiff. Third, because docket entry numbers 9, 11 and 12 will be stricken, there is nothing for this Court to "reconsider" regarding those entries.

## V.    CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** as follows:

1. Docket entry numbers 9, 11 and 12 are **STRICKEN**;
2. The Findings and Recommendations issued January 30, 2025 (Doc. 7) are **VACATED**;
3. The Clerk of the Court is **DIRECTED** to mark docket entry number 10 as **RESOLVED**; and
4. Plaintiff is advised his pending IFP application will be addressed separately in due course.

IT IS SO ORDERED.

Dated:    **February 13, 2025**              /s/ *Sheila K. Oberto*

4

UNITED STATES MAGISTRATE JUDGE

5