UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVARIS DAVIS,<br><br>            Plaintiff,<br><br>     v.<br><br>J. DOERER, et al.,<br><br>            Defendants. | Case No.: 1:24-cv-01498-JLT-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>(Doc. 2)<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Javaris Davis is a federal prisoner proceeding pro se in this civil rights action.

**I.     INTRODUCTION**

On December 9, 2024, Plaintiff filed an Application to Proceed by In Forma Pauperis (IFP) by a Prisoner. (Doc. 2.)

On December 11, 2024, this Court issued its Order Directing Plaintiff to Provide a Complete Answer in his Application to Proceed In Forma Pauperis by a Prisoner. (Doc. 4.) Plaintiff was directed to "complete his response to Question 3(f) by describing each source of money, stating the amount(s) received, and indicating whether he expects to continue receiving those funds" within 14 days. (*Id*. at 2.)

On January 3, 2025, when the Court did not receive a response, it issued its Order to Show Cause (OSC) Regarding Failure to Provide a Completed Application to Proceed In Forma Pauperis. (Doc. 5.) Plaintiff was directed to show cause in writing why sanctions should not be

1  imposed for his failure to comply with the Court's December 11, 2024, order, or, in alternatively,
2  to respond to that order. (*Id*. at 2.)
3       When Plaintiff failed to respond to the OSC, on February 12, 2025, the Court issued
4  Findings and Recommendations to Dismiss Action Without Prejudice for Plaintiff's Failure to
5  Obey Court Order and Failure to Prosecute. (Doc. 7.) Plaintiff was directed to file any objections
6  within 14 days. (*Id*. at 4-5.)
7       On February 12, 2025, Plaintiff filed the five documents, including a document titled
8  "Response to the Order to Show Cause Regarding Failure to Provide a Completed Application to
9  Proceed Informa Pauperis," (Doc. 8), that states Plaintiff's mail has been significantly delayed at
10 the institution, explaining his late response (*Id*. at 1).  Plaintiff also provided an additional
11 response to Question 3(f) of his IFP application: "Gift of small amount from supporters for
12 hygiene or coffee, etc." (*Id*. at 3.)
13      **II.     DISCUSSION**
14      Question 3(f) on the IFP application form states: "Have you received any money from the
15 following sources over the last twelve months? … Any other sources." (Doc. 2 at 1.) It also
16 provides: "If the answer to any of the above is 'yes,' describe by that item each source of money,
17 state the amount received, as well as what you expect you will continue to receive (attach an
18 additional sheet if necessary)." (*Id*.) In his application filed December 9, 2024, Plaintiff placed an
19 "X" next to the "Yes" box in response to Question 3(f) but failed to explain his response. (Doc.
20 2.)  As a result, Plaintiff was ordered to "provide a complete response to Question 3(f)," by
21 describing each source of money, stating the amounts received, and indicating whether he
22 expected to continue receiving those funds. (Doc. 4 at 2.)
23      Plaintiff's February 12, 2025, response fails to describe each source of money, to identify
24 the amounts received from other sources, or to indicate whether he expects to continue receiving
25 those funds. (*See* Doc. 8.) Simply stating small gifts have been provided that are used for hygiene
26 items or coffee is inadequate and unresponsive. As reflected in this Court's December 11, 2024,
27 order, the balance in Plaintiff's trust account was "$526.28 and within the previous six months the
28 average monthly balance in the account was $533.46, with an average monthly deposit of $65 in

1    the past six months." (Doc. 4 at 2.) Prisoners, unlike non-prisoner litigants, are in state custody
2    "and accordingly have the 'essentials of life' provided by the government." *Taylor v. Delatoore*,
3    281 F.3d 844, 849 (9th Cir. 2002). And although the Ninth Circuit Court of Appeals has held that
4    "the filing fee ... should not take the prisoner's last dollar," *Olivares v. Marshall*, 59 F.3d 109, 112
5    (9th Cir. 1995), the information provided by Plaintiff reflects that he has sufficient funds to pre-
6    pay the full $405 filing fee to commence this action and will have adequate funds left over for
7    any incidental personal or commissary expenses. *See, e.g.*, *Thomas v. Okwanoko*, No. 1:23-cv-
8    00027-EPG (PC), 2023 WL 3571144, at *1 (E.D. Cal. Apr. 27, 2023) (noting prisoner's failure to
9    explain the money he received from other sources in the previous twelve months and
10   recommending IFP be denied because he "received more than enough funds to pay the filing fee
11   prior to filing this case"); *Hammler v. Dignity Health*, No. 1:20-cv-01778-JLT-HBK, 2022 WL
12   206757, at *2 (E.D. Cal. Jan. 24, 2022) ("A court need not authorize a party to proceed in forma
13   pauperis where that individual had the funds to pay the filing fee, but subsequently chose to spend
14   them elsewhere"), findings and recommendation adopted, 2023 WL 4305451 (E.D. Cal. June 30,
15   2023); *Sloan v. Cisneros*, No. 1:21-cv-01477-EPG (PC), 2021 WL 5240280, at *1 (E.D. Cal. Oct.
16   7, 2021) (recommending IFP be denied where trust account balance on date plaintiff signed his
17   application was $836.98 and noting "he conspicuously failed to state whether he received income
18   from '[a]ny other source' in the last twelve months"), findings and recommendations adopted,
19   2021 WL 5240278 (E.D. Cal. Nov. 2, 2021); *Casey v. Haddad*, No. 1:21-CV-00855-SKO-PC,
20   2021 WL 2954009, at *1 (E.D. Cal. June 17, 2021) (finding prior balance of $1000, despite being
21   decreased to $470 shortly before filing action sufficient to pay $402 filing fee), findings and
22   recommendation adopted, 2021 WL 2948808 (E.D. Cal. July 14, 2021)
23        In sum, this Court concludes Plaintiff is not entitled to proceed IFP because he presently
24   has, and will continue to have, sufficient funds with which to pay the full filing fee for this action.
25   Therefore, the Court will recommend Plaintiff's IFP application be denied and that he be ordered
26   to pay the $405 filing fee for this action within 30 days.
27   //
28   //

3

### III.     CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the Court **RECOMMENDS** that:

1. Plaintiff's application to proceed IFP (Doc. 2) be DENIED and Plaintiff be precluded from proceeding IFP in this action; and

2. Plaintiff be ordered to pay the $405.00 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)

IT IS SO ORDERED.

Dated:   **February 28, 2025**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

4