# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVARIS DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>J. DOERER, et al.,<br><br>        Defendants. | Case No.: 1:24-cv-01498 JLT SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DIRECTING PLAINTIFF TO PAY THE FILING FEE WITHIN 30 DAYS<br><br>(Docs. 2, 14) |

      Javaris Davis filed this civil rights action pursuant to 42 U.S.C. § 1983, seeking to hold the defendants liable for violations of his civil rights while housed at United States Penitentiary Atwater. (*See generally* Doc. 1.) Plaintiff seeks to proceed *in forma pauperis* in this matter. (Docs. 2, 8.) The magistrate judge found Plaintiff has sufficient funds to pay the filing fee in full, based upon the report that he had an average monthly deposit of $65, a balance of $526.28 at the time of filing, and average balance of $533.46 for the six months prior to filing. (Doc. 14 at 2-3.) Therefore, the magistrate judge recommended the Court deny the motion to proceed *in forma pauperis* and order Plaintiff to pay the filing fee. (*Id.* at 4.)

      Plaintiff filed a "Motion to Reconsider," which the Court construes to be his objections to the Findings and Recommendations. (Doc. 15.) Plaintiff asserts that although he received money from his "loved ones in his past, that does not mean that [he] can expect those gifts on a continued basis." (*Id.* at 1.) He also contends that he does "not have the full sum to pay at the

time." (*Id.*) Finally, Plaintiff contends he should be permitted to proceed *in forma pauperis* due to misconduct by the staff that needs to be addressed. (*Id.*)

Significantly, Plaintiff does not dispute the finding that he had sufficient funds to pay the filing fee in full when he filed the action. Instead, Plaintiff's objection is based upon his current inability to pay the filing fee in full. However, this argument is unavailing. Because Plaintiff had sufficient funds to pay the filing fee when the action was initiated, it is irrelevant that he has since spent the funds. Plaintiff's *in forma pauperis* status is determined as of the date the complaint was filed, and his expenditure of funds *after* filing does not support a claim of indigency at the time of filing. *See Jaramillo v. Burnes*, 2023 WL 2575663, at *1 (E.D. Cal. Mar. 20, 2023).

According to 28 U.S.C. § 636(b)(1), this Court conducted a *de novo* review of this case. Having carefully reviewed the entire matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations to be supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued February 28, 2025 (Doc. 14) are **ADOPTED** in full.
2. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is **DENIED**.
3. Plaintiff **SHALL** pay the full $405 filing fee for this action **within 30 days** of the date of service of this order to proceed with this action.

**Failure to pay the filing fee will result in the dismissal of this action.**

IT IS SO ORDERED.

Dated:  **March 26, 2025**

_____
UNITED STATES DISTRICT JUDGE

2